Matter of Jones (2018 NY Slip Op 00777)





Matter of Jones


2018 NY Slip Op 00777


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department
 PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND WINSLOW, JJ. (Filed Feb. 2, 2018.)


&em;

[*1]MATTER OF JACQUELINE B. JONES, A SUSPENDED ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, PETITIONER.



MEMORANDUM AND ORDER
Final order of suspension entered. Per Curiam Opinion: Respondent was admitted to the practice of law by this Court on March 16, 1995, and she formerly maintained an office in Syracuse. On August 18, 2017, she was convicted upon her plea of guilty in the United States District Court for the Northern District of New York of falsely reporting an incident in the third degree (see Penal Law § 240.50 [1]; see also 18 USC § 13), a federal misdemeanor. In pleading guilty, respondent admitted that, on February 20, 2015, she placed a telephone call to the James M. Hanley Federal Building in Syracuse, during which she falsely reported the presence of a bomb in the building. Immediately after accepting respondent's guilty plea, the court sentenced respondent to probation for a period of one year, imposed a fine in the amount of $20,000, and required her to perform 250 hours of community service and to participate in mental health treatment. On October 25, 2017, this Court entered an order determining that respondent had been convicted of a serious crime within the meaning of Judiciary Law § 90 (4) (d), suspending her on an interim basis, and directing her to show cause why a final order of discipline should not be entered. In response to the show cause order, respondent filed a written statement in mitigation and, on January 16, 2018, she appeared before this Court and was heard in mitigation.
In determining an appropriate sanction, we have considered the serious nature of the misconduct underlying the conviction and the matters in mitigation submitted by respondent, including her statement that the misconduct was aberrational and occurred while she was experiencing extreme stress owing to work and family difficulties, which were exacerbated when a member of her immediate family was diagnosed with a serious medical condition. We have also considered that respondent has an otherwise unblemished disciplinary history and that, since September 2016, she has participated in mental health treatment to address the issues that contributed to the misconduct. Finally, we have considered respondent's expression to this Court of extreme remorse, which we find to be sincere. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended from the practice of law for a period of one year, effective October 25, 2017, or until the termination of her federal probation, whichever period is shorter. We further direct that, in the event that respondent applies to this Court for reinstatement following the period of suspension, the application must comply with the Appellate Division rule governing reinstatement of suspended attorneys (22 NYCRR 1240.16), and additionally include a report from her mental health treatment provider confirming that she is continuing in treatment and following all treatment recommendations.